# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. LEWIS, | CASE NO. 1:08-CV-01866-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| JAMES SMITH, et al., | (DOC. 30) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

**I.     Background**

Plaintiff David K. Lewis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants James Smith, Steven Yap, S. Nguyen, and Yen Li for violation of the Eighth Amendment.[1] On August 19, 2010, Defendants Smith, Yap, and Li filed a motion for summary judgment. Defs.' Mot. Summ. J., Doc. 30. On September 22, 2010, Plaintiff filed his opposition.[2] Pl.'s Opp'n, Doc. 34. No reply was filed. The matter is submitted

---

[1] Defendant S. Nguyen has not been served with process and has not appeared in this action.

[2] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on April 24, 2009. Doc. 9, Second Informational Order; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).

1

pursuant to Local Rule 230(l).

## II.     Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3]  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must

---

[3]  The Federal Rules of Civil Procedure were updated effective December 1, 2010.

2

demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

//

### III.     Undisputed Facts[4]

Plaintiff is a prisoner of the State of California. Plaintiff was transferred to Kern Valley State Prison ("KVSP") on February 3, 2006. Plaintiff was examined by a KVSP dentist on April 11, 2006. Between July 2006, and September 2007, Plaintiff complained of pain and discomfort of various teeth at different times. Plaintiff was seen by KVSP dentists for his complaints throughout these fourteen months. At these visits the teeth with a poor prognosis were extracted and the teeth in sound condition were provided no treatment.

Between 2006 and 2007, Mr. Lewis refused dental treatment twice, refused to be treated by his assigned dentist once, and failed to show up for an appointment once.[5] On September 24, 2007, Defendant Smith contends that he examined Mr. Lewis's teeth and determined that most of his remaining teeth had a fair prognosis, and the lower teeth had a questionable prognosis. Plaintiff contends that Defendant Smith acknowledged that the remaining teeth probably could not be saved. The lower front teeth were extracted on September 24, 2007.[6]

Following these extractions, Plaintiff had several missing teeth, poor jaw shape with bone loss and teeth under stress from grinding, and a poor bite. Based on these factors, Plaintiff was

---

[4] All facts are taken from Defendants' statement of undisputed facts and are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff provided a list of statements which he denies, though he does not specifically cite to any particular document in support. Plaintiff also submits a verified opposition. Plaintiff's verified complaint and opposition may be treated as opposing affidavits to the extent that they are verified and set forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving Defendants' motion for summary judgment.

[5] Plaintiff contends that Defendants failed to mention why Plaintiff refused treatment or failed to show up. Pl.'s Opp'n 8. That does not contradict Defendants' statement of fact, which did not provide any reasons as to why Plaintiff refused treatment. Plaintiff's objection is overruled.

[6] Plaintiff contends that Defendant Smith did not extract Plaintiff's teeth. However, the undisputed fact does not indicate that Defendant Smith did the extraction. This objection is overruled.
Plaintiff also contends that Defendant Smith did not examine Plaintiff's teeth, but merely looked at them. The Court will modify the statement of facts as to Defendant's contentions regarding the prognosis of Plaintiff's teeth.

prescribed removable partial dentures (RPDs).

RPDs provide a better bite relationship, and tend to brace the remaining teeth. RPDs are made of acrylic material, and have wire clasps. The purpose of prescribing Plaintiff the RPDs was to facilitate adding teeth in the future, and to protect the remaining teeth from excessive biting force.  The RPDs can also be used as a transitional denture, allowing the patient to learn a different chewing pattern in the event that he will need to adapt to complete dentures in the future.[7]

Defendants contend that Plaintiff refused to wear the RPDs because he complained they were inadequate.[8]  Plaintiff contends that he could not wear the dentures because they were defective due to poor fit, including burrs and metal wires that had to be ground down.  Plaintiff contends that chewing a cracker made the lower partial denture flip down and up.  Plaintiff mailed his RPDs to the Kern County Superior Court.

Plaintiff's preferred dental treatment was total mouth extraction.[9]  Defendants contend that complete dentures was not medically indicated in his case because it is below the standard of proper dental care to remove teeth with a fair prognosis. Moreover, the biting function with a complete denture is drastically reduced in comparison to partial dentures, meaning a person can lose up to 75% of chewing function.  Defendants contend that Plaintiff had difficulty in adjusting to the RPDs, complaining of bulkiness, interference with his tongue and looseness.  Plaintiff has receded jaw ridges, and therefore, the full dentures will not provide him with the retention and stability of partial dentures.  Consequently, the sensation of bulkiness with complete dentures

---

[7] Plaintiff does not state what his objections are to this statement of fact. Accordingly, the objection is overruled.

[8] Plaintiff contends that he did not refuse to wear the dentures because they were inadequate, but rather that the dentures were defective and had a poor fit. Pl.'s Opp'n 4-5. The Court modifies the statement of facts accordingly.

[9] Plaintiff contends that he had an agreement with another dentist at another prison to extract all of Plaintiff's teeth. Pl.'s Opp'n 2, 4. This does not dispute Defendants' categorization that Plaintiff preferred total teeth extraction.  Plaintiff's objection is overruled.

1  would have been even greater than with the partial dentures.[10]

2      Defendant Smith obtained a Doctorate in Dental Surgery ("DDS") from Loma Linda
3  University in 1965. In 1970, he obtained a Masters degree in Periodontics and Implantology.
4  Upon graduation he worked as a dentist in private practice, specializing in Periodontics and
5  Implantology He taught at Loma Linda University as an Associate Professor of Periodontics for
6  14 years. He began working for the CDCR in 1999, and in December, 2005, he became the
7  Chief Dental Officer at Kern Valley State Prison ("KVSP"). He retired from this position in
8  December of 2009. As a dentist for approximately 45 years, 10 of which have been with CDCR,
9  he has routinely provided dental care to patients such as Plaintiff for conditions including
10 periodontal disease and bone loss. Defendant Smith contends that Plaintiff received appropriate
11 dental care at KVSP, and it would have been inappropriate to extract all of Plaintiff's teeth and
12 provide him with full dentures.[11]

13     Plaintiff never dropped below a healthy weight between 2006 and 2008. Instead, he was
14 above his ideal weight range throughout this period. Plaintiff did not suffer any medical injury
15 during this time from lack of food.

16     Defendant Yap has been a practicing dentist for 36 years, and has worked as a dentist at
17 KVSP since October 2007. On April 2, 2008, a custodial officer informed Defendant Yap that
18 Plaintiff claimed to have a dental emergency and was requesting dental treatment. Defendant
19 Yap saw Plaintiff in the dental clinic on April 2, 2008. Defendant Yap contends that Plaintiff
20 reported that one of his teeth was broken and sharp, causing it to cut his lip. Plaintiff contends
21 that the tooth was causing a blister on the inside of Plaintiff's cheek. Plaintiff reported that the
22 broken tooth was not causing tooth pain.[12]

---

[10] Plaintiff contends that he did not specifically complain of bulkiness, interference with his tongue, and looseness. Plaintiff further contends that Defendant Li admitted to Plaintiff that he would eventually lose all his teeth, and that the RPDs he received were "crap." Pl.' Opp'n 4. The Court modifies the statement of facts to reflect that it is Defendants' contention.

[11] The statement is modified to reflect that it is Defendant Smith's contention.

[12] Plaintiff contends that the broken tooth was not cutting his lip, but was causing a blister inside his cheek. The statement of facts is modified accordingly.

6

1    Based on Plaintiff's report of his condition, and Defendant Yap's experience as a dentist, he determined that Plaintiff did not have a dental emergency. Defendant Yap ordered a series of x-rays for Plaintiff, and referred him to the regular dental schedule for further follow up.[13] Plaintiff left the dental clinic before taking his x-rays, and before Defendant Yap could complete further examination or diagnosis.[14] Defendant Yap referred Plaintiff's case to Plaintiff's regularly assigned dentist so that Plaintiff could be treated at a regularly scheduled dental appointment.

Plaintiff's regularly assigned dentist saw him the following day, April 3, 2008, on the regular dental schedule. At the April 3, 2008 appointment, it was noted that Plaintiff's filling had broken, and that the edge of the tooth was sharp. The dentist who saw Plaintiff on April 3, 2008 put a patch over Plaintiff's tooth, and referred him for another appointment for a replacement filling. This filing was eventually replaced during a visit on June 3, 2008.[15]

Defendant Li is a dentist, and has been practicing for 16 years. Defendant Li began working as a dentist at KVSP in October, 2007. In March, 2008, Defendant Li transferred to a different area of KVSP, and Plaintiff was no longer on her regular caseload. Between October, 2007, and March, 2008, she provided dental care to Plaintiff on eight occasions. Dental records reflect that she saw him in the dental clinic on October 2, 2007, October 15, 2007, November 5, 2007, November 28, 2007, December 10, 2007, January 17, 2008, February 14, 2008, and March 6, 2008. He refused to attend a scheduled dental appointment with Defendant Li on January 31, 2008. During the dental appointments with Plaintiff, Defendant Li examined his teeth and gums, referred him for a consultation with a dietician, provided him with a medical recommendation that he be allowed additional time to eat, checked the fit of his dentures, checked the site of

---

[13] Plaintiff contends that a broken tooth is clearly a dental emergency. Pl.'s Opp'n 5-6. Plaintiff is not qualified to provide expert opinion regarding what constitutes a dental emergency. See Fed. R. Evid. 702. Additionally, it was Defendant Yap who determined that it was not an emergency, and Plaintiff does not dispute that Defendant Yap came to this conclusion. Accordingly, Plaintiff's objection is overruled.

[14] Plaintiff provides no explanation as to why he objected to this statement of fact. Accordingly, Plaintiff's objection is overruled.

[15] Plaintiff provides no explanation as to why he objected to this statement of fact. Accordingly, Plaintiff's objection is overruled.

extractions to ensure he was healing normally, and provided him with counseling for oral hygiene and health. Defendant Li contends that she did not extract those of Plaintiff's teeth with a fair prognosis because it is below the standard of proper dental treatment to extract teeth with a fair prognosis.  She believed that Plaintiff would have had an even more difficult time adjusting to full dentures because they would have drastically reduced his chewing function in comparison to the partial dentures.[16]

## IV. Analysis

### A. Deliberate Indifference To A Serious Medical Need

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

---

[16]  Plaintiff contends that Defendant Li never explained fair prognosis regarding any of Plaintiff's teeth. Pl.'s Opp'n 3.  The Court modifies the statement of fact to indicate that it is Defendant Li's contention.

**B.     Defendant Smith**

Defendant Smith contends that based on medical findings concerning Plaintiff's jaw shape, bone condition, and bite relationship, the best solution for Plaintiff was to use a RPD. Defs.' Mot. Summ. J. 7:3-13.  Plaintiff contends that Defendant Smith was not the primary examiner of Plaintiff, and was not involved in the extraction of Plaintiff's teeth.  Pl.'s Opp'n 2.

Assuming Defendant Smith did treat Plaintiff, there does not appear to be an issue of material fact.[17]  Defendant Smith concluded that the removal of all of Plaintiff's teeth was not called for medically.[18]  Plaintiff contends that dentist Tadros had recommended removal of every tooth.[19]  Even assuming this is true, that would amount at most to a difference of opinion between two medical professionals as to the best course of treatment.  To establish that this difference of opinion rises to the level of deliberate indifference, Plaintiff "must show that the course of treatment the doctor's chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Here, Defendant Smith has sufficiently demonstrated that the choice of treatment, namely removal of some lower teeth and prescribing RPDs, was medically acceptable, and Plaintiff failed to produce sufficient evidence to dispute this.[20]  Thus, there is no issue of material fact in dispute regarding Defendant Smith. The Court recommends that summary judgment be granted in favor of Defendant Smith as to

---

[17] It appears that Plaintiff complained of Defendant Smith's recommended course of treatment, even though Plaintiff also contends that Defendant Smith did not directly treat Plaintiff.  There is thus a possible issue of causation as to whether Defendant Smith is liable.  *See Johnson v. Duffy*, 588 F.3d 740, 743-44 (9th Cir. 1978) (describing requisite causal connection for § 1983 claims).  As neither party has raised this as a disputed issue, the Court assumes without deciding that the element of causation was met.

[18] Defendant Smith demonstrated his qualifications to provide expert opinion in the field of dentistry by declaration.  Defs.' Mot. Summ. J., Ex. B, Def. Smith Decl. ¶ 1.

[19] It is unclear if this is actually true.  Plaintiff appears to have consented to the removal of some teeth, numbers 24, 25, and 12 by dentist Tadros, but not for all teeth.  Pl.'s Opp'n, Ex. 7-8.
Plaintiff also contends that the dental program project director, Mr. Richard Robinson, stated that Plaintiff was scheduled for full teeth extraction.  *Id.*, Ex. 5, Memorandum dated October 23, 2007.  That is an incorrect reading of the memorandum.  Plaintiff was prioritized for a full examination, and extractions.  It is unspecified how many extractions were to occur.

[20] Plaintiff may not testify as to what is medically acceptable here, as he is not qualified as an expert in the field of dentistry.  *See* Fed. R. Evid. 702.

9

Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need.

### C. Defendant Li

Defendant Li contends that she provided Plaintiff with extensive ongoing dental treatment during the year and a half that he was on her caseload. Defs.' Mem. P. & A. 7:14-21. Defendant Li contends that she examined him, referred him to other medical professionals, checked his dentures, monitored his healing following extractions of teeth, and provided him with health and dental counseling. *Id.* Plaintiff contends that Defendant Li admitted to the inadequacy of the partial dentures that were made, but failed to provide Plaintiff with adequate replacement dentures. Pl.'s Opp'n 3.

Even construing the facts in the light most favorable to Plaintiff as the non-moving party, there is no issue of material fact in dispute. Plaintiff contends that he was not malnourished, but complains that he has to eat soft foods only. While inconvenient, it is not a serious harm. Without a serious harm, there is no constitutional violation. *Farmer*, 511 U.S. at 834; *see also Lemaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."). The Court recommends that summary judgment be granted in favor of Defendant Li as to Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need.

### D. Defendant Yap

Defendant Yap contends that he provided appropriate treatment for Plaintiff on April 2, 2008. Defs.' Mot. Summ. J. 8:11-26. Defendant contends that he determined Plaintiff's condition was not an emergency. *Id.* He nonetheless ordered x-rays and would have evaluated Plaintiff further if Plaintiff had not voluntarily left the dental clinic. *Id.* Defendant Yap also referred Plaintiff for treatment with his regular dentist. *Id.* Plaintiff contends that a broken tooth, which Plaintiff complained of, is clearly an emergency because it was wearing a blister on the inner part of his cheek. Pl.'s Opp'n 5-6.

Even construing the facts in the light most favorable to Plaintiff as the non-moving party, there is no issue of material fact in dispute. Plaintiff disagreed with the recommended course of treatment. However, a disagreement between the prisoner and the treating doctor regarding the

appropriate course of treatment does not rise to the level of deliberate indifference to a serious medical need. *See Toguchi*, 391 F.3d at 1058. Defendant Yap based his decision to not treat Plaintiff's broken tooth as an emergency on his 36 years of dental experience. There is no dispute that Defendant Yap believed his decision was proper at the time. The Court recommends that summary judgment be granted in favor of Defendant Yap as to Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need.

**V.    Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed August 19, 2010, should be GRANTED;
2. Summary judgment should be granted in favor of Defendants Smith, Li, and Yap; and
3. Defendants Smith, Li, and Yap should be DISMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2011**                    /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE